FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

OCT 18 2010

JAMES N. HATTEN, Clerk
By: S Sewell Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GRAYSON L. TAYLOR, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT JAMES, Superior Court | : | CIVIL ACTION NO. |
| Judge, et al., | : | 1:10-CV-2605-TWT |
|    Defendants. | : | |

## ORDER AND OPINION

On August 24, 2010, the Court ordered Plaintiff, *pro se*, to file an amended complaint and to either pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP"). In response, Plaintiff has filed two amended complaints and an application to proceed IFP.

As explained below, the Court finds that this action must be dismissed under 28 U.S.C. § 1915A. The Court **GRANTS** Plaintiff leave to proceed IFP for purposes of dismissal only.

**I.    The Frivolity Review Standard**

A federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a

AO 72A
(Rev.8/82)

defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

## II. Plaintiff's Claims[1]

On March 3, 2010, Plaintiff was stopped by Atlanta police officers while operating an automobile. The officers told him there was an outstanding warrant for his arrest in Douglas County for probation violations. Plaintiff was arrested and

---

[1] The facts are taken from Plaintiff's amended complaints (Docs. 3 & 5) and presumed true for purposes of the frivolity review.

2

confined in the Douglas County Jail (the "Jail") on March 4, 2010. He remains there today.

Plaintiff promptly and repeatedly told Jail and probation officials that he was not on probation and that an earlier criminal sentence expired in February 2007. Plaintiff also informed Public Defender LaDonna Schumacher ("Schumacher") of this. A probation revocation hearing occurred in July 2010, but was not completed. The hearing was continued indefinitely and has not been resumed.

Plaintiff contends that he was not on probation, parole, or otherwise subject to any court-imposed sentence at the time the arrest warrant for probation violations was issued. Thus, he contends that Douglas County officials are unlawfully holding him on bogus probation violation charges. He seeks preliminary and permanent injunctive relief, presumably in the form of immediate release from the Jail.

In his second amended complaint, (Doc. 5), Plaintiff claims that Jail officials, including the Douglas County Sheriff, tampered with Plaintiff's legal mail to and from this Court, thus violating his right to access to the courts. Plaintiff contends his legal mail has been lost, misplaced, or otherwise not delivered to him and "has suspiciously been affected" by Jail employees.

3

### III. Analysis

This Court cannot intervene in the pending state proceedings seeking to revoke Plaintiff's probation. Plaintiff contends that there is no pending criminal prosecution because he was not on probation when the arrest warrant for probation violations issued, but the adjudication of the alleged probation violation in the state courts is a quasi-criminal proceeding. *See* O.C.G.A. § 42-8-34.1(b). Regardless of the validity of the probation violation charges, it is clear from his amended complaints that Plaintiff is being held pending completion of a probation revocation hearing concerning those charges. The Court cannot intervene in those ongoing state proceedings absent extraordinary circumstances, which are not present here. *See Younger v. Harris*, 401 U.S. 37 (1971); *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2000) (noting that the plaintiff's civil rights action was barred "by the spirit of the *Younger* doctrine, since he is trying to derail an ongoing probation revocation proceeding" (citations omitted)).

Moreover, Plaintiff cannot obtain from this Court the injunctive relief he appears to seek – release from allegedly unlawful confinement – without first exhausting his available state remedies because that relief is in the nature of habeas

4

corpus.[2] For a pre-trial detainee, exhaustion includes allowing the case to go to trial (or, in this case, the probation revocation hearing) and through the state appellate process. *See Tooten v. Shevin*, 493 F.2d 173, 175-76 (5th Cir. 1974).

If his current confinement is illegal and warrants relief now, at least two remedies are available to Plaintiff under Georgia law. First, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Second, a criminal defendant who believes there have been irregularities in his criminal case may seek a writ of mandamus from Georgia courts. O.C.G.A. § 9-6-20. These remedies are available to persons detained on probation violation charges. *Smith v. Nichols*, 512 S.E.2d 279, 280 (Ga. 1999) (considering petition for habeas corpus and mandamus filed by jail inmate to obtain bond on probation violation warrant and to expedite probation

---

[2] Plaintiff does not request damages in either of his amended complaints. If he did seek damages, the defendant judge and prosecutor likely would be absolutely immune from suit for damages. *See Scarbrough v. Myles*, 245 F.3d 1299, 1305 (11th Cir. 2001). Plaintiff also could not recover damages from Schumacher for alleged malpractice or ineffectiveness in her role as his defense attorney. *See United States v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) (per curiam).

5

revocation proceedings). There is no indication that Plaintiff has pursued any of these state remedies.

Finally, Plaintiff's allegation that Jail officials violated his constitutional right to access to the courts fails to state a claim upon which relief can be granted. Interference with legal mail is a violation of a prisoner's right of access to the courts. *Al-Amin v. Smith*, 511 F.3d 1317, 1330-31 (11th Cir. 2008); *Lemon v. Dugger*, 931 F.2d 1465, 1468 (11th Cir. 1991). However, an access-to-courts claim requires "actual injury regarding prospective or existing litigation," such as "missing filing deadlines or being prevented from presenting claims" while "in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 & n.10 (11th Cir. 1998) (citations omitted); *see Al-Amin*, 511 F.3d at 1332-33.[3]

Plaintiff's allegations do not indicate that he has suffered an actual injury regarding his litigation of this case or any other case. *See Al-Amin*, 511 F.3d at 1332 (holding that actual injury "such as a denial or dismissal of a direct appeal, habeas

---

[3] An inmate also "has a First Amendment free speech right to communicate with his attorneys by mail, separate and apart from his constitutional right to access to the courts." *Al-Amin*, 511 F.3d at 1334. The Eleventh Circuit has limited this First Amendment free speech right to "attorney-client mail only." *Id.* at 1334 n.34. Plaintiff has not alleged interference with any mail to or from his attorney.

6

petition, or civil rights case that results from actions of prison officials" is a required element of the claim (citations omitted)). In this case, Plaintiff received the Court's August 24, 2010 Order and responded to it within the deadline by submitting two amended complaints on different dates, both of which the Court received. Plaintiff also submitted an application to proceed IFP, which the Court received. Because he has neither alleged nor suffered an identifiable injury, Plaintiff's access-to-courts claim must be dismissed.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's access-to-courts claim is **DISMISSED** under 28 U.S.C. § 1915A. Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED** this _15_ day of _October_, 2010.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE